U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 0 2 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

c

| | |
|---|---|
| RITCHIE GROCER CO., Plaintiff | CIVIL ACTION NO. 14-CV-02868 |
| VERSUS | CHIEF JUDGE DRELL |
| 2 H INC., ET. AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a Partial Motion to Dismiss (Doc. 91) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants BEPCO Genpar, L.L.C. ("BEPCO Genpar") and BOPCO GP, L.L.C. ("BOPCO GP") (collectively, "Movants"). Movants seek dismissal of claims asserted by Plaintiff, Ritchie Grocer Co. ("Ritchie"), in the original Petition for Damages (Doc. 1-2) and the First Supplemental and Amending Complaint (Doc. 87).

In particular, Movants submit that the following claims against BEPCO Genpar and BOPCO GP should be dismissed with prejudice: fraud, punitive damages, continuing tort, continuing trespass, recovery of civil fruits, strict liability for conducting an ultra-hazardous activity, premises liability claims under Louisiana Civil Code articles 2317 and 2322, unjust enrichment, claims under Mineral Code article 22 and Civil Code articles 576, 577, 645, claims under Restatement (Second) of Torts § 324A, and claims under Louisiana Civil Code article 2688.

## Background

Plaintiff originally filed this lawsuit in the 12th Judicial District Court in Avoyelles Parish, with two other landowners, Justin Dale Tureau and Kenneth James Guilbeau. (Doc. 1-2). Plaintiffs alleged that they own or use various tracts of land in the Eola Oil Field that were damaged as a result of oil and gas exploration and production activities by 2H, Incorporated, Goldsberry Operating Company, Inc., Hess Corporation, BEPCO, L.P., and BOPCO, L.P., or their predecessors in interest. The three Plaintiffs sought damages, remediation, and injunctive relief. (Doc. 1-2).

BEPCO, L.P. and BOPCO, L.P. removed on the basis of diversity jurisdiction. (Doc. 1). Plaintiffs' subsequent Motion to Remand was denied by the District Judge. (Doc. 52). The cases were then severed. (Doc. 52).

On December 3, 2014, Plaintiff filed a Motion for Leave to File First Supplemental and Amending Complaint. (Doc. 64). That Motion was granted on June 16, 2015. (Doc. 87). The First Supplemental and Amending Complaint added BEPCO Genpar, L.L.C. and BOPCO GP, L.L.C. as Defendants. (Doc. 87).

Defendants BEPCO, L.P. and BOBCO, L.P., had filed a prior Partial Motion to Dismiss responding to the Petition for Damages and First Supplemental and Amending Complaint. (Doc. 77). That Partial Motion to Dismiss was granted in part and denied in part. The Court dismissed Plaintiff's claims for fraud, punitive damages, continuing tort, continuing trespass, civil fruits, unjust enrichment, and claims asserted under Louisiana Civil Code Articles 576, 577, 645, 2317, 2322, and 2688, Article 22 of the Louisiana Mineral Code, and Section 324(A) of the

Restatement (Second) of Torts. In all other respects, Defendants' Motion to Dismiss was denied. (Doc. 85).

In the current Partial Motion to Dismiss, Movants incorporated by reference the prior Partial Motion to Dismiss. (Doc. 91). Movants are the general partners of BEPCO, L.P. and BOBCO, L.P. In Plaintiff's Response, Plaintiff "concedes that there are no factual allegations or other circumstances that would warrant a different result as to BEPCO Genpar and BOPCO GP regarding the above cited claims." (Doc. 95). However, Plaintiff preserves all other claims not specifically included in this Court's judgment of partial dismissal, including the claim for strict liability and ultra-hazardous activity under pre-amendment Article 667. (Doc. 95).

## Law and Analysis

I. <u>Motion to Dismiss Standard</u>

A party may move for dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, a motion to dismiss "is viewed with disfavor and is rarely granted." <u>Lowrey v. Texas A & M University System</u>, 117 F.3d 242, 247 (5th Cir. 1997) (quoting <u>Kaiser Aluminum & Chem. Sales v. Avondale Shipyards</u>, 677 F.2d 1045, 1050 (5th Cir. 1982)).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" <u>Id.</u> (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). The "court accepts 'all well-pleaded facts as

true, viewing them in the light most favorable to the plaintiff.'" <u>In re</u> <u>Katrina Canal Breaches Litigation</u>, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 555 (citations and footnote omitted).

II.  <u>Article 667</u>

In the first Partial Motion to Dismiss, Defendants contend they cannot be held strictly liable under Louisiana Civil Code Article 667 because Ritchie has not alleged any activity that qualified as ultra-hazardous prior to 1996. (Doc. 77). Defendants reassert that Plaintiff fails to state a claim for strict liability for an ultra-hazardous activity under Article 667 in the second Partial Motion to Dismiss. (Doc. 91).

As noted in the Report and Recommendation on the first Partial Motion to Dismiss, Plaintiff asserted that Defendants BEPCO and BOPCO, through the acts of its predecessors, disposed of radioactive oilfield waste which damaged Plaintiff's property. Plaintiff has therefore sufficiently alleged that Defendants engaged in ultra-hazardous activities pursuant to the pre-amendment version of article 667 for purposes of a motion to dismiss.

To prevail, Ritchie still must establish that BEPCO Genpar and BOPCO GP, via their predecessors, are at fault. However, neither strict nor absolute liability apply, as Plaintiff must show more than proof only of causation and damages. <u>See</u> <u>Inabnet v. Exxon Corp.</u>, 642 So.2d 1243 (La. 1994). The court must "conduct an objective search for a rule to govern the case, looking for analogies among codal and

4

statutory rule, principle, concepts, and doctrines," and consider, for instance, "the temporal order of the leases or other rights, the nature of the rights, the type of activities normally incidental to the use for which the rights were granted, the damage-causing party's knowledge of the existence of the damaged party's rights, [and] the availability of alternative methods of exercising the right so as to cause little or no damage." Id. at 1252.

III. Other Claims

In Plaintiff's First Supplemental and Amending Complaint (Doc. 77), Plaintiff added BEPCO Genpar and BOPCO GP as defendants. BEPCO Genpar and BOPCO GP are the general partners of Defendants BEPCO, L.P. and BOPCO, L.P. This Court has previously found that Ritchie Grocer failed to state a claim for fraud, punitive damages, continuing tort, continuing trespass, civil fruits, unjust enrichment, under Louisiana Civil Code Articles 576, 577, 645, 2317, 2322 and 2688, under Article 22 of the Louisiana Mineral Code, and under Section 324(A) of the Restatement of Torts. (Docs. 81, 85). Plaintiff "concedes that there are no factual allegations or other circumstances that would warrant a different result as to BEPCO Genpar and BOPCO GP regarding the above cited claims." (Doc. 95). However, Plaintiff preserves all other claims not specifically included in this Court's judgment of partial dismissal, including the claim for strict liability and ultra-hazardous activity under pre-amendment Article 667. (Doc. 95).

Accordingly, the claims against BEPCO Genpar and BOPCO GP for fraud, punitive damages, continuing tort, continuing trespass, civil fruits, unjust

5

enrichment, and those asserted under Louisiana Civil Code articles 576, 577, 645, 2317, 2322 and 2688, Mineral Code article 22, and Restatement (second) of Torts § 324(A) should be dismissed.

## Conclusion

Based on the foregoing, and in light of Plaintiff's concessions in their Response to Defendants' Motion to Dismiss (Doc. 95);

IT IS RECOMMENDED that Defendants' Motion to Dismiss (Doc. 91) be GRANTED IN PART and DENIED IN PART. Plaintiff's claims against BEPCO Genpar and BOPCO GP for fraud, punitive damages, continuing tort, continuing trespass, civil fruits, unjust enrichment, and those asserted under Louisiana Civil Code articles 576, 577, 645, 2317, 2322 and 2688, Mineral Code article 22, and Restatement (second) of Torts § 324(A) should be DISMISSED WITH PREJUDICE. In all other respects, including Plaintiff's claims under pre-amendment Article 667, Defendants' motion should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual finds or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 2nd day of August, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge